**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 15 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE RAFAEL PINEDA-SANCHEZ, | No.   17-71665 |
| Petitioner, | Agency No. A206-766-580 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2018**

Before:    RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Jose Rafael Pineda-Sanchez, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the agency's conclusion that Pineda-Sanchez did not establish he suffered past persecution where he was not personally harmed or threatened, and did not establish that his uncle's killing was part of a pattern or practice of persecution closely tied to him. *See id.* at 1060. Substantial evidence also supports the agency's conclusion that Pineda-Sanchez did not establish an objectively reasonable fear of future persecution where he remained unharmed in El Salvador for three years after his uncle was killed, and his similarly situated teenaged siblings remained in El Salvador unharmed. *See Aruta v. INS*, 80 F.3d 1389, 1395 (9th Cir. 1996) (petitioner did not establish objectively reasonable fear of persecution where similarly situated family member remained unharmed in the "alleged zone of danger"); *Castillo v. INS*, 951 F.2d 1117, 1122 (9th Cir. 1991) ("When determining the objective reasonableness of an alien's claim of well-founded fear of persecution the BIA may properly consider as significant a petitioner's continued safe and undisturbed residence in his homeland after the

occurrence of the event which is alleged to have induced his fear.").  Thus, Pineda-Sanchez's asylum claim fails.

In this case, because Pineda-Sanchez failed to establish eligibility for asylum, he failed to establish eligibility for withholding of removal.  *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence also supports the agency's denial of CAT relief because Pineda-Sanchez failed to establish it is more likely than not he will be tortured with the consent or acquiescence of the government of El Salvador.  *See Aden v. Holder*, 589 F.3d 1040, 1047 (2009).

**PETITION FOR REVIEW DENIED.**